**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| AFFAN SIRAJ ZUHAYR EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-CV-22-HEA |
| ) | |
| DUSTIN SNEAD, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's responses to court orders directing him to either pay the required filing fee for this action, or file an Application to Proceed in District Court Without Prepaying Fees or Costs. For the following reasons, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff Affan Siraj Zuhayr El, a/k/a Timothy Lamont Blackwell, instituted this civil action in this United States District Court on April 5, 2022. He did not pay the required filing fee, nor did he request leave to commence the action without prepayment of such fee. On April 26, 2022, the Honorable John M. Bodenhausen, the United States Magistrate Judge to whom this case was originally assigned, entered an order directing plaintiff to either pay the required filing fee, or file an Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff's response was due on May 26, 2022.

Before the deadline, plaintiff submitted a filing in which he challenged the validity of the Court's order. (ECF No. 5/filed May 9, 2022). As described in the Court's May 11, 2022 order, plaintiff identified himself as a Moor, and expressed his belief that he was exempt from the requirement to pay a filing fee or provide information about his assets in support of a request for

leave to proceed without prepayment of such fee. He averred he had no "gold or silver coins" to pay the "restricting demands, conditionally commanded by Employees and Contractors of the Court." *Id.* at 3. He described the April 26, 2022 order as "an instrument to deny me due process of law and my right to free access to the courts." *Id.* One page of the filing was addressed to the Chief Judge of this United States District Court. On that page, plaintiff wrote:

> **WARNING:** You are in violation of Federal Law. Persisting with violating my Liberties with unconstitutional demands will lead to your personal liability, as well as the company, agency and/or association, you are operating through.
>
> **You are advised** to cease and desist your untoward actions and demands, which are in violation of the People's Personal Liberties. You are also advised to seek personal lawful counsel if you do not understand the law, so that you may **govern yourself accordingly.**

*Id.* at 5 (emphases in original). In his May 11, 2022 order, Judge Bodenhausen noted that plaintiff's filing did not constitute compliance with the April 26, 2022 order, advised plaintiff he remained obligated to comply by the original deadline, and directed him to do so. The order cautioned plaintiff that his failure to comply would result in the dismissal of his case.[1]

In response, plaintiff submitted a filing in which he again clearly communicates his unwillingness to comply with the Court's orders. The filing bears a heading identifying the Moorish Science Temple of America, and is titled "Writ 'In Forma Pauperis' Aberment of Jurisdiction – Quo Warranto." (ECF No. 7 at 1). Plaintiff begins by writing: "Greetings Public Officials, You are in violation of the following: **Amendment V** "No Person shall be deprived of Due Process of Law", and violation of Stare Decisis: **No Filing Fee; Crandall v. State of Nevada 73 U.S. 35 (1867)** . . .". *Id.* Throughout the document, plaintiff expresses his belief that

---

[1] On that same date, plaintiff filed a civil lawsuit against Judge Bodenhausen and the Clerk of this Court, alleging violations of his rights in conjunction with this matter. *See Zuhayr El v. Bodenhausen, et al.,* No. 4:22-CV-520-SEP (E.D. Mo. May 11, 2022).

he has the right to unfettered free access to the courts, accuses Judge Bodenhausen and the Clerk of this Court of violating his rights, and offers other such averments.

Plaintiff has not complied with the Court's April 26, 2022 or May 11, 2022 orders. Instead, he has clearly communicated his refusal to comply. Despite plaintiff's contentions, nothing exempts him from being required to pay a filing fee to institute this action, *see* 28 U.S.C. § 1914, or from being required to submit an affidavit including a statement of all of his assets when requesting leave to institute the action without prepayment of such fee. *See* 28 U.S.C. § 1915(a)(1). Plaintiff is also subject to this Court's Local Rule requiring the submission of a statement of financial information on a court-provided form when requesting leave to institute a civil action without prepayment of the filing fee. *See* E.D.Mo. L.R. 2.05(A).

The situation presently before the Court is one in which plaintiff has willfully refused to comply with the Court's April 26, 2022 and May 11, 2022 orders. It is clear that plaintiff would continue to refuse to comply with future court orders, instead of prosecuting his case in a serious manner. Therefore, the Court will dismiss this case at this time pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure. A separate order of dismissal will be entered herewith.

Dated this 28th day of June, 2022.

                                            HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE